IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00060-BNB

PEOPLE OF THE STATE OF COLORADO,

v.

ROYCE EARL LOCK,

      Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Royce Earl Lock filed *pro se* on January 12, 2009, a document titled both as a

"Notice of Removal" and as a "Writ of Habeas Corpus" in which he states that he is

removing to this Court *People of the State of Colorado v. Royce F. Lock,* Case No.

2008-M-000091, from the County Court of Baca County.  Therefore, the instant civil

action was opened in this Court.

The Court must construe Mr. Lock's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the document titled both as a "Notice of Removal"

and as a "Writ of Habeas Corpus" will treated as a habeas corpus application, will be

denied, and the instant action will be dismissed *sua sponte*.  Because the instant

action will be dismissed on the Court's own initiative, the Court has dispensed with the

requirement that Mr. Lock either pay the $5.00 filing fee for a habeas corpus action or

submit a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a habeas corpus action.

The Court has drawn from two previous summary remand orders entered in *People v. Lock*, No. 08-cr-00472-REB (D. Colo. Oct. 20, 2009) (unpublished) for the factual summary and legal analysis below.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 08-cr-00472-REB, the Honorable Robert E. Blackburn entered two orders for summary remand dated November 18, 2008, and October 20, 2009.  The Court noted in both prior summary remand orders that the defendant in No. 2008-M-000091 is Royce F. Lock, not Royce Earl Lock, the defendant in No. 08-cr-00472-REB and in the instant action.  Both the November 18 and October 20 orders remanded No. 2008-M-000091 from this Court to the County Court of Baca County.  The reasons for the summary remand are stated in detail in those orders.

In the instant action, Mr. Lock again seeks to remove to this Court No. 2008-M-000091 from the County Court of Baca County.  Mr. Lock may not achieve through a civil action characterized as a "Writ of Habeas Corpus" what he was unable to achieve through two prior attempts to remove the same state criminal case to this Court. Therefore, the habeas corpus application will be denied and the action dismissed.  Mr. Lock is warned that the Court may impose sanctions on litigants who abuse the judicial

process through repetitive filings.

Even if the Court did treat the instant action as a removal, Mr. Lock has failed to comply with 28 U.S.C. § 1446(a). He has not provided a short and plain statement of the grounds for removal. He has not provided copies of all process, pleadings, and orders served on him in the state court. Instead, he provides two unintelligible attachments to the notice of removal titled "Suitor's one supreme Court" and "Suitor's one supreme Court Rules." He does not specify in any of the filed papers that he is removing a criminal case, and it is not clear to the Court that he is the defendant in No. 2008-M-000091. In short, Mr. Lock has failed to establish any legitimate basis for removal of the state court criminal case.

Moreover, pursuant to 28 U.S.C. § 1447(d) an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. As previously stated, the instant action was remanded twice previously by this Court to the County Court of Baca County pursuant to 28 U.S.C. § 1446(a). The remand of No. 2008-M-000091 is not otherwise reviewable a third time postured as a habeas corpus case. Finally, Mr. Lock's failure in this action to provide any intelligible information about No. 2008-M-000091 other than its case number precludes treating the instant action as a removal and remanding the action pursuant to § 1446(a) to the County Court of Baca County. According, it is

ORDERED that the document titled both as a "Notice of Removal" and as a "Writ of Habeas Corpus" that Applicant, Royce Earl Lock, filed *pro se* on January 12, 2009, and which the Court has treated as a habeas corpus application, is denied and the action is dismissed. It is

FURTHER ORDERED that a certificate of appealability is denied.

DATED at Denver, Colorado, this 28 day of JANUARY , 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00060-BNB

Royce Earl Lock
31311 County Road Q
Campo, CO 81029

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/29/10

GREGORY C. LANGHAM, CLERK

By: _____
                 Deputy Clerk